IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,898-01






EX PARTE FRANCISCO L. ORTIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 99-430,681 IN THE 140TH JUDICIAL DISTRICT COURT OF
LUBBOCK COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant originally
pleaded guilty to the offense of aggravated assault, and punishment was assessed at ten
years' deferred adjudication community supervision. His community supervision was later
revoked, and he was sentenced to ten years' confinement after the adjudication of guilt. No
direct appeal was taken.

 Applicant contends that his original plea was not knowingly and voluntarily entered,
because he was not properly advised of the nature of the charges and the consequences of the
plea. Applicant alleges that counsel told him what to say and instructed him to sign the plea
papers, and that he understood only that if he did as he was instructed, he would "walk free
on probation." 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel advised Applicant of the nature of the charges and the consequences
of his plea prior to the entry of the original plea of guilty. The trial court shall also make
findings as to whether Applicant was properly admonished. If there was a plea agreement,
the trial court shall supplement the habeas record with a copy of such agreement, as well as
copies of any admonishments, stipulations of evidence, or judicial confessions signed by
Applicant. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 20TH DAY OF SEPTEMBER, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.